## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                                  **Case No. 06-CR-336**

**MIGUEL VALDEZ**
    **Defendant.**

### DECISION AND ORDER

Law enforcement officers arrested defendant Miguel Valdez at his home pursuant to an arrest warrant based on his alleged involvement in a drug conspiracy. During a search incident to that arrest, a detective seized defendant's cell phone, opened it and viewed the phone's address book and call history, learning that defendant had been in contact with alleged co-conspirators. Defendant moved to suppress the results of this cell phone search, as well as any fruits of that search. The magistrate judge handling pre-trial proceedings in this case held a hearing, then issued a recommendation that the motion be denied. Defendant objects, requiring me to review the matter de novo. Fed. R. Crim. P. 59(b)(3).[1]

### I. FACTS

Waukesha County Sheriff's Department Detective Robert Brenner arrested defendant on December 3, 2006, pursuant to an arrest warrant. Brenner and his partner, City of

---

[1]Defendant does not request a de novo hearing, and under the circumstances I see no need for one. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980) (holding that the district court may conduct a de novo review of a magistrate judge's recommendation without holding a de novo hearing). The facts set forth in the recommendation are based on the testimony of a single witness and do not appear to be in dispute.

Waukesha Detective Eileen Micklitz, executed the warrant at defendant's residence, arresting him without a hassle. Incident to the arrest, Brenner searched defendant and recovered a cell phone, which he handed to Micklitz as he finished the search. Upon completion of the search, about one minute after he initially recovered the phone, Brenner retrieved the phone from Micklitz, opened it and viewed the phone's address book and call history. Brenner testified that he was looking for defendant's phone number and that of Gabriel Urbina, an alleged co-conspirator. Brenner did not listen to any voice-mails. The detectives then asked Valdez's girlfriend, who was also present at the residence, for consent to search the residence, which she granted. The officers apparently recovered no evidence from the residence.

About fifteen minutes later, a squad arrived to transport defendant to the police station. Brenner inventoried the cell phone, and it was then transferred to the car of the evidence custodian. Several hours later, Brenner interrogated defendant, asking defendant about his contacts with Gabriel Urbina. Brenner knew, based on his review of previously issued wiretaps and the call history in defendant's cell phone, that defendant had been in contact with Urbina.

Brenner testified that he immediately searched defendant's cell phone because he was concerned that the information contained in the phone, such as the call history and the address book, could be erased remotely or lost on deactivation. He stated that he regularly received alerts from other drug investigators and recalls an alert that US Cellular enables customers to remotely delete all of the information contained on their phones, including the call history and address book. Defendant had a US Cellular phone. However, Brenner did not recall if he received this alert regarding US Cellular phones before or after he searched defendant's phone on December 3, 2006.

## II.  DISCUSSION

When the police make an arrest, they may search the person arrested and the area within his immediate control for weapons or contraband.  United States v. Robinson, 414 U.S. 218, 233-34 (1973); Chimel v. California, 395 U.S. 752, 762-63 (1969).  The Supreme Court has upheld such searches based on the need to disarm the suspect in order to take him into custody, and the need to preserve evidence for later use at trial.  Knowles v. Iowa, 525 U.S. 113, 116 (1998).  In conducting a search incident to arrest, officers may search open or closed containers the person is carrying or located in the area within his immediate control and seize any contraband they recover.  See, e.g., Robinson, 414 U.S. at 236 ("Having in the course of a lawful search come upon the crumpled package of cigarettes, [the officer] was entitled to inspect it; and when his inspection revealed the heroin capsules, he was entitled to seize them as 'fruits, instrumentalities, or contraband' probative of criminal conduct."); United States v. Queen, 847 F.2d 346, 353-54 (7th Cir. 1988) (collecting cases).

While the Seventh Circuit has not specifically addressed cell phone searches of the type at issue here, it has approved similar searches incident to arrest.  For example, in United States v. Molinaro, 877 F.2d 1341, 1346 (7th Cir. 1989), a DEA agent seized the defendant's wallet incident to arrest, spread its contents out on the trunk of a car, and discovered slips of paper containing the name and phone numbers of the defendant's alleged drug source.  The court rejected the defendant's contention that this was not a valid search incident to arrest, noting that the Supreme Court had upheld warrantless searches of an arrestee's person, including personal property contained in his pockets, as a search incident to arrest, and that numerous courts had upheld the search of a defendant's wallet under the search incident to arrest exception to the warrant requirement.  Id. at 1346-47.

3

In United States v. Rodriguez, 995 F.2d 776, 777 (7th Cir. 1993), officers seized the defendant's personal address book following his arrest and photocopied each of its pages, learning that the book contained the phone number of a co-conspirator. The court upheld the search as valid incident to arrest, and upheld the photocopying of the contents of the book as a permissible attempt to preserve evidence. Id. at 778.

Finally, in United States v. Ortiz, 84 F.3d 977, 984 (7th Cir. 1996), the court approved the activation and retrieval of information from a pager seized incident to arrest. The court held:

> An officer's need to preserve evidence is an important law enforcement component of the rationale for permitting a search of a suspect incident to a valid arrest. Because of the finite nature of a pager's electronic memory, incoming pages may destroy currently stored telephone numbers in a pager's memory. The contents of some pagers also can be destroyed merely by turning off the power or touching a button. Thus, it is imperative that law enforcement officers have the authority to immediately "search" or retrieve, incident to a valid arrest, information from a pager in order to prevent its destruction as evidence.

Id. (internal citations omitted).

Relying on the logic of these cases, numerous other courts have upheld the search of cell phones for similar information. See, e.g., United States v. Finley, 477 F.3d 250, 259-60 (5th Cir.), cert. denied, 127 S. Ct. 2065 (2007) (denying motion to suppress call records and text messages retrieved from cell phone searched incident to arrest); United States v. Mercado-Nava, 486 F. Supp. 2d 1271, 1278-79 (D. Kan. 2007) (collecting cases upholding cell phone searches incident to arrest); United States v. Cote, No. 03CR271, 2005 WL 1323343, at *6 (N.D. Ill. May 26, 2005) (upholding seizure of the defendant's cell phone incident to arrest and

4

accessing of the phone's call log, phone book and wireless web inbox);[2] see also United States v. Dennis, No. 07-008, 2007 WL 3400500, at *7 (E.D. Ky. Nov. 13, 2007) (relying on Finley to uphold cell phone search incident to arrest); United States v. Lottie, No. 3:07-cr-51, 2007 WL 4722439, at *2-4 (N.D. Ind. Oct. 12, 2007 (upholding search of cell phone incident to arrest and based on exigent circumstances); United States v. Young, Nos. 5:05CR63-01-02, 2006 WL 1302667, at *13 (N.D. W. Va. May 9, 2006) (upholding search of cell phone where evidence showed that numbers could be erased or lost when phone was de-activated).

Against the weight of this authority, defendant relies on a single, unpublished district court case, United States v. Park, No. CR 05-375, 2007 WL 1521573 (N.D. Cal. May 23, 2007). The Park court noted the capacity of cell phones to store large amounts of personal information and worried that permitting the warrantless search of a phone might lead to the search of personal computers. Id. at *8. The court distinguished Ortiz, finding that the privacy interests in cell phones exceeded those in pagers. Id. at *9.

Even if I were to accept the case's treatment of Ortiz, Park is easily distinguishable on its facts. In Park, the searches of the defendants' cell phones occurred approximately an hour and a half after their arrests during booking, id. at *1, and were not supported by any exigencies, id. at *9 ("Here, the government does not contend, and the record does not show, that the searches of defendants' cell phones were necessary to prevent the destruction of evidence."). The Park court also found that the searches were "purely investigatory," id. at *8, and that the officers could not detail exactly how, or when, during the booking process they seized and searched the defendants' cell phones, id. at *1. In the present case, conversely,

---

[2]In his recommendation, the magistrate judge cited other cases upholding cell phone searches. (Recommendation at 17-19.)

5

the search of defendant's phone was contemporaneous with the arrest, and Brenner explained that he was concerned that if he waited the information on the phone could be lost. See United States v. Curry, No. 07-100, 2008 WL 219966, at *10 (D. Me. Jan. 23, 2008) (distinguishing Park where the search was performed reasonably promptly and reasonably close to the scene of arrest).

Further, the privacy concerns raised by the Park court are not implicated here: Brenner limited his search to the phone's address book and call history.[3] He did not listen to voice mails or read any text messages. As the magistrate judge noted, we can leave for another day the propriety of a broader search equivalent to the search of a personal computer.

In his objections, defendant contends that a concern about preserving evidence cannot arise until after the evidence is discovered. Prior to searching the phone, Brenner did not know that it contained any useful information. Thus, he claims that the search was investigatory. The argument fails. Defendant cites no authority for the proposition that a search incident to arrest must be supported by any level of suspicion that the search will uncover evidence. See, e.g., Campbell v. Miller, 499 F.3d 711, 717 (7th Cir. 2007) (noting that a search incident to arrest "requires no additional justification"). In any event, based on his familiarity with this investigation and his review of the wiretaps, Brenner knew that defendant had been in contact with co-conspirators. Moreover, Brenner knew that call histories on cell phones could be deleted or lost, giving rise to a legitimate concern about destruction of evidence.

Therefore, for all of these reasons and those stated by the magistrate judge, I conclude that the search of defendant's cell phone was lawful. Accordingly, defendant's subsequent

---

[3] I note that the Supreme Court has held that there is no legitimate expectation of privacy in the phone numbers one dials. See Smith v. Maryland, 442 U.S. 735, 742 (1979).

6

statements need not be suppressed as fruit of the poisonous tree.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is **ADOPTED**, and defendant's motion to suppress (R. 281) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge